Case 4:19-cv-00190-KGB   Document 1   Filed 03/19/19   Page 1 of 11

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 9 2019

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**PAULA D. MCDOUGALL,**

    Plaintiff,

v.                             Case No. 4:19-cv-190-KGB

**TULKUNBAY KHURRAMOV AND
KOVATRANS INC.,**

    Defendants.

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

### NOTICE OF REMOVAL OF CIVIL ACTION

TO:    Andrew Taylor
        Ark. Bar No. 2005147
        TAYLOR & TAYLOR LAW FIRM, P.A.
        12921 Cantrell Road, Suite 205
        Little Rock, AR 72223
        Andy@TaylorLawFirm.com
        *Counsel for Plaintiff*

        The Defendant, Tulkunbay Khurramov, pursuant to 28 U.S.C. §1446 (a)-(d), and by and through counsel, Glassman, Wyatt, Tuttle & Cox, hereby files this Notice of Removal of the above civil action from the Circuit Court of St. Francis County, Arkansas to the United States District Court for the Eastern District of Arkansas, Division II and, as basis for said removal, would show as follows:

        (1)    The removing party, Tulkunbay Khurramov, is the named Defendant in the above entitled action.

        (2)    This matter was originally filed in the Circuit Court of St. Francis County, Arkansas, on December 10, 2018 under Docket No. 62CV-18-290-1. A copy of the original

1

Complaint filed in the Circuit Court of St. Francis County, Arkansas, along with the Summons issued at said time, is attached to this Notice of Removal as "Exhibit A".

(3)   On or about February 18, 2019 the Defendant, Tulkunbay Khurramov, was served with said Summons and Complaint via US Mail.

(4)   Based on a review of the court docket from the Circuit Court of St. Francis County, Arkansas, the Complaint and Summons are the only pleadings that have been filed, and no further proceedings have taken place in the St. Francis County, Arkansas Circuit Court action.

(5)   The Complaint does not set forth any ad damnum as far as a dollar amount.

(6)   Plaintiff, Paula McDougall, is presently, and was, at the time the Complaint was filed, a resident of Willis, Montgomery County, Texas.

(6)   The Defendant, Tulkunbay Khurramov is presently, and was at the time the Complaint was filed, a resident of Philadelphia, Philadelphia County, Pennsylvania.

(7)   The Defendant, Kovatrans, Inc., is presently, and was, at the time the complaint was filed, a corporation with a principal place of business at 32 Fawn Ridge Road, White Haven, Luzerne County, Pennsylvania. Upon information and belief, said Defendant has not been served with the summons and complaint at this time, but when service is accomplished, the company will be represented by the undersigned counsel, and as such, will consent to this removal.

(8)   This is an action for alleged injuries and damages as a result of a motor vehicle accident which occurred in St. Francis County, Arkansas, on or about July 2, 2017.

(9) This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and (c) as the suit is between citizens of different states.

(10)   The United States District Court for the Eastern District of Arkansas is the federal district embracing the location where the state court suit was filed.

(11) This Notice of Removal is being filed within 30 days of service upon the removing Defendant.

(12) Defendant is in compliance with all removal requirements set forth in 28 USC §1446, and further, this Defendant will provide immediate notice of this removal to Counsel for Plaintiff, as well as the Circuit Court of St. Francis County, Arkansas.

(13) Defendant contends that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. As there is no amount sued for in the complaint, in accordance with 28 U.S.C. §1446(c)(2), and in order to further satisfy the requirements as to the amount in controversy, this Defendant would show that Plaintiff has sued for: (A) serious bodily injury to neck, back, shoulder and other parts of Plaintiffs body; (B) medical expenses incurred and transportation expenses to obtain such medical treatment; (C) future medical expenses to be incurred and transportation expenses to obtain such treatment; (D) physical pain and disability to be experienced in the past; (E) physical pain and disability to be experienced in the future; (F) loss of income in the past; (G) loss of income in the future; and (H) loss of earning capacity due to permanent physical impairment from the injuries caused by the collision; (I) mental anguish experienced in the past, includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities; (J) mental anguish to be experienced in the future includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities; (K) any scars, disfigurement, and visible results of her injury due to "residential limitation of motion;" *Adkins v. Kelley,* 244 Ark. 199, 424 S.W.2d 373 (1968); (L) The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and (M) Permanent bodily injuries that have been suffered, which is a life-changing event

3

causing Plaintiff to lose the ability to enjoy a normal life. While not conceding that the value of the case, even if liability is found, is equal to or in excess of $75,000, Defendant would show that the amount in controversy is in excess of said amount based on information currently available.

(14) Defendant demands a jury trial.

Respectfully submitted,

*/s/ Robt O. Cox*
ROBERT A. COX #14279
**Glassman, Wyatt, Tuttle & Cox P.C.**
26 North Second Street
Memphis, TN 38103
P: (901) 527-2143
F: (901) 527-5320
rcox@gwtclaw.com
GWTC File No. 19-077R
*Counsel for Defendants, Tulkunbay Khurramov and Kovatrans, Inc.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading has been properly served, on the 18th day of March, 2019, via Email and/or United States Mail, postage prepaid upon the following:

Andrew Taylor
Ark. Bar No. 2005147
TAYLOR & TAYLOR LAW FIRM, P.A.
12921 Cantrell Road, Suite 205
Little Rock, AR 72223
Andy@TaylorLawFirm.com
*Counsel for Plaintiff*

*/s/ Robt O. Cox*
ROBERT A. COX

4

FILED

DEC 10 2018

TIME_____M
BETTE S. GREEN, CLERK
ST FRANCIS COUNTY

FILED

DEC 06 2018

TIME_____M
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY

## IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
## _____ DIVISION

**PAULA D. MCDOUGALL**　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**vs.**　　　　　　　**CASE NO.** $\underline{\text{L2CV-18-290-1}}$

**TULKUNBAY KHURRAMOV AND**
**KOVATRANS INC.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### COMPLAINT

Comes now the Plaintiff, Paula D. McDougall, by and through her attorneys, TAYLOR & TAYLOR LAW FIRM, P.A., and for her Complaint does state:

### JURISDICTION AND VENUE

1. At all times relevant to this Complaint, Plaintiff was a resident of Willis, Montgomery County, Texas, and a citizen of the State of Texas.

2. At all times relevant to this Complaint, Defendant Tulkunbay Khurramov was a resident of Philadelphia, Philadelphia County, Pennsylvania, and a citizen of the State of Pennsylvania.

3. At all times relevant to this Complaint, Kovatrans Inc. was a Pennsylvania corporation with a principal place of business at 32 Fawn Ridge Road, White Haven, Luzerne County, Pennsylvania.

4. The facts and circumstances giving rise to this Complaint occurred in St. Francis County, Arkansas.

**EXHIBIT A**

5. This Court has subject matter jurisdiction of this matter pursuant to Ark. Code Ann. § 16-13-201(a).

6. This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. § 16-4-101(B).

7. Venue in this county is proper pursuant to Ark. Code Ann. § 16-60-101(a)(1) (county in which a substantial part of the event or omission giving rise to the cause of action occurred).

## FACTS

8. On or about July 2, 2017, Plaintiff was the passenger in a vehicle being driven by a Kenneth W. Willingham.

9. Mr. Willingham was driving his vehicle westbound on Interstate 40.

10. Mr. Willingham was driving in the outside lane.

11. At the same time, Defendant Khurramov was driving an 18-wheeler westbound on Interstate 40.

12. Defendant Khurramov was driving in the inside lane.

13. Defendant Khurramov was driving slightly ahead of Mr. Willingham.

14. The two vehicles were traveling in a construction zone with concrete barriers on both sides of the interstate.

15. As the two vehicles approached a lane shift (to the left), Mr. Willingham continued to drive in the correct lane, but Defendant Khurramov failed to adequately shift lanes.

16. Therefore, Defendant Khurramov crossed into the outside lane.

17. The trailer of the 18-wheeler being driven by Defendant Khurramov then collided with the vehicle being driven by Mr. Willingham.

18. This impact caused Mr. Willingham's vehicle to collide with the concrete barrier.

## CAUSE OF ACTION #1 – NEGLIGENCE

19. Defendant Khurramov owed numerous duties to Plaintiff, and Defendant Khurramov breached those duties in the following manner:

   A. Failure to remain in his lane until such time as moving to another lane could be made with safety, in violation of Ark. Code Ann. §§ 27-51-302(1);

   B. Driving too fast for conditions in violation of Ark. Code Ann. §27-51-201;

   C. Reckless driving in such a manner as to show disregard for the safety of persons and property in violation of Ark. Code Ann. §27-50-308;

   D. Careless and prohibited acts of driving in violation of Ark. Code Ann. §27-51-104, and other violations of applicable Arkansas traffic laws;

   E. Failure to keep a proper lookout for other vehicles on the roadway;

   F. Failure to drive at a speed that was reasonable under the circumstances;

   G. Failure to keep the vehicle under proper control;

   H. Failure to use ordinary care to operate the vehicle in recognition of the Plaintiff's superior right to use the roadway; and

   I. Failure to otherwise use ordinary care under the circumstances at the time of the collision.

20. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence, and were a probable consequence of Defendant Khurramov's breach of one or more of the above-described independent duties of ordinary care for the safety of Plaintiff.

21. Defendant Khurramov should have foreseen and anticipated that a breach of one or more of the above-described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

22. If Defendant Khurramov had not breached one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, then Plaintiff's injuries and damages would not have occurred.

**COMPENSATORY DAMAGES SUFFERED BY PLAINTIFF PAULA D. MCDOUGALL**

23. The injuries and damages sustained by Plaintiff as a result of Defendant's breach of the above duties include, but are not limited to, the following:

   A. Serious bodily injuries to Plaintiff's neck, back, shoulder, and other parts of Plaintiff's body;

   B. Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

   C. Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

   D. Physical pain and disability experienced in the past;

   E. Physical pain and disability to be experienced in the future;

   F. Loss of income in the past;

   G. Loss of income in the future;

   H. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

I.  Mental anguish experienced in the past, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities;

    J.  Mental anguish to be experienced in the future, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limits her activities;

    K.  Any scars, disfigurement, and visible results of her injury due to "residential limitation of motion;" *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

    L.  The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

    M.  Permanent bodily injuries that have been suffered, which is a life-changing event causing Plaintiff to lose the ability to enjoy a normal life.

## CAUSE OF ACTION #2 – RESPONDEAT SUPERIOR
### (AGAINST SEPARATE DEFENDANT KOVATRANS INC.)

24. Upon information and belief, at all times relevant to this Complaint, Defendant Khurramov was an agent or employee of Kovatrans Inc.

25. The actions of Defendant Khurramov were with the scope of his agency or employment with Kovatrans Inc.

26. Therefore, Defendant Khurramov's negligence is imputed to separate Defendant Kovatrans Inc.

## AMOUNT OF DAMAGES
### (FOR JURISDICTIONAL PURPOSES UNDER ARK. CODE ANN. § 16-63-221)

27. Plaintiff's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

### DEMAND FOR TRIAL BY JURY

28. Plaintiff demands a trial by jury for all issues of fact presented by this action.

### RESERVATION OF ADDITIONAL CLAIMS

29. Upon completion of discovery, Plaintiff reserves the right to plead further to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages caused by Defendant's negligence as described above, for costs and attorneys' fees, and for all other relief at law or equity to which Plaintiff may be entitled.

Respectfully submitted,
PAULA D. MCDOUGALL,
*Plaintiff*

BY: _____
TAYLOR & TAYLOR LAW FIRM, P.A.
Andrew M. Taylor, Ark. Bar No. 2005147
Tasha C. Taylor, Ark. Bar No. 2005148
12921 Cantrell Road, Suite 205
Little Rock, AR 72223
Phone: (501) 246-8004
Fax:    (501) 246-8009
Email: Andy@TaylorLawFirm.com
        Tasha@TaylorLawFirm.com

*Attorneys for Plaintiff*

THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
_____ DIVISION

PAULA D. MCDOUGALL
Plaintiff

v.                          No. 62CV-18-290-1

TULKUNBAY KHURRAMOV AND KOVATRANS INC.
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

TULKUNBAY KHURRAMOV
828 RED LION ROAD
APARTMENT A5
PHILADELPHIA, PA 19115


A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Andrew M. Taylor
TAYLOR & TAYLOR LAW FIRM, P.A.
12921 Cantrell Road, Suite 205
Little Rock, AR 72223

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office

St. Francis County Circuit Clerk
313 S. Izard St.
Ste. 8
Forrest City, AR 72336

CLERK OF COURT
Bette S. Green, Cl--

_Maylenn Burns_ D.C.
[Signature of Clerk or Deputy Clerk]

Date: 12-10-18

[SEAL]